**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Lance KEOHO, Defendant–Appellant.**

**No. 99–10531.**
**D.C. No. CR–98–00681–ACK.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided Feb. 15, 2001.

Before HUG, NOONAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM[2]

On November 4, 1998, Lance Keoho (Keoho) was indicted along with co-defen-

of the offense in sufficient detail to give the accused notice of what he is being asked to admit").

18. *See* 28 U.S.C. § 2253(c)(2).

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)

2. This disposition is not appropriate for publication and may not be cited to or by the

dants Galen Koshi and Russell Luke under 21 U.S.C. §§ 846 and 841(a)(1) (Count 1) for conspiracy to knowingly and intentionally possess with intent to distribute in excess of 500 grams of cocaine, and under 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2 (Count 2) for knowingly and intentionally attempting to possess with intent to distribute in excess of 500 grams of cocaine, to wit, ten (10) kilograms of cocaine. On March 1, 1999 Keoho entered into a written plea agreement with the government whereby he pleaded guilty to Count 1 of the indictment and waived his right to appeal in exchange for dismissal of Count 2. On September 28, 1999, Keoho was sentenced to 70 months of incarceration and five years of supervised release.

Keoho claims that, in light of a new constitutional rule set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the government breached the plea agreement. This claim is meritless. In *Apprendi*, the Supreme Court overruled the defendant's sentence, holding that any fact which increases the penalty for a crime beyond the statutory maximum, must be proved beyond a reasonable doubt. *Apprendi*, 120 S.Ct. at 2362–63. In *United States v. Nordby*, 225 F.3d 1053 (9th Cir.2000), this Court applied the constitutional rule in *Apprendi* to overrule a sentence in a drug case. *Id.* at 1059. In *Apprendi* and *Nordby*, the defendants' sentences were overruled because the sentencing judges made findings of fact, using the preponderance of evidence standard, that led to increases in the defendants' penalties beyond the prescribed statutory maximums. *Apprendi* at 2352; *Nordby* at 1058–59.

■ In contrast to *Apprendi* and *Nordby*, the sentencing judge in this case did not rely on facts that were found using the preponderance of evidence standard to calculate Keoho's sentence. Instead, the judge relied solely on those facts to which Keoho admitted in his plea agreement to calculate a sentence for conspiracy to possess with intent to distribute ten kilograms of cocaine. For example, in paragraph 8(e) of the plea agreement, Defendant admits that "[o]n or about October 26, 1998, [he] and co-defendant Russell Luke waited at the curb-side of the Hawaii Prince Hotel, with the understanding that co-defendant Galen Koshi was inside the hotel purchasing approximately twenty (20) pounds of cocaine." Keoho's sentence was based solely on facts he admitted. Therefore, no constitutional violation occurred.

Moreover, even if an error occurred under *Apprendi*, it appears beyond a reasonable doubt that the error did not affect Keoho's sentence. *See United States v. Garcia–Guizar*, 234 F.3d 483, 488 (9th Cir. 2000). Keoho received a sentence of 70 months, which is below the statutory maximum sentence for conspiracy to possess with intent to distribute either ten kilograms or two kilograms of cocaine. As such, any error under *Apprendi* would be harmless.

■ Keoho also claims that he did not knowingly and voluntarily enter into the plea agreement. To comply with due process, a guilty plea must be made knowingly and voluntarily. *Brady v. United States*, 397 U.S. 742, 748–749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). "[A]n involuntary plea may result where 'the accused does not understand the nature of the constitutional protection that he is waiving, or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt.'" *United States v. Navarro–Botello*, 912 F.2d 318, 320 (9th Cir.1990) (quoting

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*Henderson v. Morgan,* 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976)).

 The district court found that Keoho's plea was an "intelligent, knowing and voluntary one and not the result of any force or threat or inducement other than a valid plea agreement." Keoho acknowledged that he had read through the entire plea agreement and understood "each and every provision of the plea agreement," including paragraph 7 which reads: "Defendant understands that the penalties for the offense to which he is pleading guilty subject him to the penalty provisions of Title 21, United States Code, Section 841(b)(1)(A) in that the actual amount of controlled substance, to wit, cocaine was in excess of five (5) kilograms of cocaine in the above-entitled matter." Keoho answered affirmatively when asked whether he understood that the court would be sentencing him under the Guidelines subject to a mandatory minimum term of ten years under the statute, a term that is consistent with a quantity of cocaine over five kilograms. The record supports that Keoho's claim is disingenuous.

Finally, Keoho claims that he was denied effective assistance of counsel. Ordinarily, this Court will not consider an ineffective assistance of counsel claim on direct appeal, because of the need "to develop a record as to what counsel did, why it was done, and what if any, prejudice resulted." *United States v. Andrews,* 75 F.3d 552, 557 (9th Cir.1996) (citing *United States v. Rewald,* 889 F.2d 836, 859 (9th Cir.1989), *amen'd by,* 902 F.2d 18 (9th Cir.) *cert. denied,* 498 U.S. 819, 111 S.Ct. 64, 112 L.Ed.2d 39 (1990)). "Challenge by way of habeas corpus proceeding is preferable." *Rewald,* 889 F.2d at 859.

Although Keoho's waiver of the right to appeal specifically excepts an appeal on the basis of ineffective assistance of coun-sel, this panel cannot effectively evaluate Keoho's claim given the limited record before it. Without more facts outside the record, Keoho's ineffective assistance of counsel claim fails to identify material, specific errors and omissions that prejudiced his defense. *See Rewald,* 889 F.2d at 859. Accordingly, we do not reach this issue.

For the reasons stated above, the judgment of the district court is *affirmed.*