**UNITED STATES of America**
**Plaintiff—Appellee,**

v.

**Stephen Michael BLAIR, Defendant—**
**Appellant.**

**No. 00–10221.**
**D.C. No. CR–97–00241–PMP.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2001.

Decided June 4, 2001.

Before HUG and T.G. NELSON, Circuit Judges, and SHADUR,* District Judge.

### MEMORANDUM **

In a February 2, 2000 Memorandum (No. 98–10452) we affirmed in part the sentence of Stephen Michael Blair ("Blair") on 11 counts of transporting child pornography in violation of 18 U.S.C. § 2252(a)(5)(B) and one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), but we reversed and remanded the district court's application of the distribution enhancement under U.S.S.G. ("Guideline") § 2G2.2(b)(2) in light of our decision in *United States v. Laney*, 189 F.3d 954 (9th Cir.1999). Blair now appeals the district court's post-remand ruling that the 5 level increase under Guideline § 2G2.2(b)(2) applies. Blair also argues that the district court erred in applying a preponderance of the evidence standard at the resentencing hearing. We affirm.

We review a district court's interpretation of the Guidelines de novo and review its factual findings for clear error (*United States v. Ellis*, 241 F.3d 1096, 1099 (9th Cir.2001)).

After Blair was resentenced, Guideline § 2G2.2(b)(2) was amended effective November 1, 2000. There is no dispute that the amendment was clarifying rather than substantive (the Sentencing Commission said just that), so that it is given retroactive application on direct appeal (*United States v. Cruz–Mendoza*, 147 F.3d 1069, 1073 (9th Cir.1998)).

Given the district court's finding that Blair distributed child pornographic pictures with the expectation of receiving other child pornographic pictures in return, under the amendment Blair is subject to the 5 level increase per Guideline § 2G2.2(b)(2)(B) for "Distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." On that score the district court's finding that Blair had an expectation of barter (a subject covered directly by the Guideline) is more than adequately supported by the record. As that record reveals, the child pornographic images Blair sent to participants in an on-line chat room catering to persons interested in preteen child pornography were accompanied by such messages as "keep it going" and "send more." We therefore affirm the application of the 5 level increase under Guideline § 2G2.2(b)(2).

As to Blair's objection to the use of a preponderance of the evidence standard, Blair did not object to the use of that standard before the district court. It is therefore reviewed for plain error (*United States v. Garcia–Guizar*, 227 F.3d 1125, 1129 (9th Cir.2000)). Because the application of Guideline § 2G2.2(b)(2) would not have an extremely disproportionate effect on Blair's sentence, the district court did not commit plain error in applying a preponderance of the evidence standard (see *United States v. Valensia*, 222 F.3d 1173 (9th Cir.2000)). Indeed, the district court's determination would be affirmed under any standard of review.

AFFIRMED.

---

* Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.