**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Miguel Angel LEDESMA–LOPEZ, aka Miguel Angel Ledesma Lopes, aka Miguel Angel Ledezma Lopez, aka Miguel Angel Ledezma Lopes, aka Jesus Carillo Gallego, aka Miguel Ochoa–Martinez, aka Juan Rivera Correa, Defendant–Appellant.**

**No. 00–30333.**
**D.C. No. CR–99–00395–PA.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002 *.

Decided Feb. 20, 2002.

Before B. FLETCHER, T.G. NELSON and TALLMAN, Circuit Judges.

MEMORANDUM **

Miguel Angel Ledesma–Lopez appeals his 188–month sentence imposed following his guilty plea conviction for one count of possession with intent to distribute cocaine, and one count of being an illegal alien found in the United States, in violation of 21 U.S.C. § 841(a)(1) and 8 U.S.C. § 1326(a) respectively. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review the legality of a sentence de novo, *United States v. Tighe*, 266 F.3d 1187, 1190 (9th Cir.2001), and we affirm.

Ledesma–Lopez argues that because he pleaded guilty to an unspecified cocaine quantity, under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the statutory maximum sentence to which he is exposed is twenty years, rather than forty years. He thus contends that the district court erred by setting his offense level at 34 pursuant to U.S.S.G. § 4B1.1(B), instead of 32 pursuant to § 4B1.1(C). This contention is unpersuasive, as any error that occurred was harmless. *See United States v. Garcia–Guizar*, 234 F.3d 483, 488–89 (9th Cir. 2000), *cert. denied*, 532 U.S. 984, 121 S.Ct. 1629, 149 L.Ed.2d 490 (2001).

Ledesma–Lopez's 188–month sentence is well below the 20–year statutory maximum for possession of any measurable quantity of cocaine with intent to distribute. *See* 21 U.S.C. § 841(b)(1)(C); *United*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

States v. Silva, 247 F.3d 1051, 1059 n. 6 (9th Cir.2001). Where a defendant's actual sentence falls below the statutory maximum for the offense to which he pleaded guilty, he is not prejudiced for purposes of Apprendi. See United States v. Scheele, 231 F.3d 492, 497 n. 2 (9th Cir.2000). Accordingly, the purported sentencing error by the district court was harmless. See Garcia–Guizar, 234 F.3d at 488–89.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.