**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dario GOMEZ–SOLANO, Defendant– Appellant.**

No. 01–50035.

D.C. No. CR–00–01859–HBT.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 22, 2002.

Before B. FLETCHER, T.G. NELSON and TALLMAN, Circuit Judges.

MEMORANDUM **

Dario Gomez–Solano appeals his guilty plea conviction and ten-month sentence for possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Gomez–Solano contends that under *Apprendi v. New Jersey*, 530 U.S. 466, 490,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *United States v. Nordby,* 225 F.3d 1053, 1058–59 (9th Cir.2000), *overruled in part by Buckland,* 277 F.3d 1173, 1182 (9th Cir.2002) (en banc) (overruling *Nordby*'s conclusion that Congress committed drug quantity to the sentencing judge to decide by a preponderance of the evidence), 21 U.S.C. § 841 is unconstitutional. Gomez–Solano's contention, however, is foreclosed by our decision in *Buckland,* *1–6.

Moreover, Gomez–Solano's 10–month sentence is well below the 5–year statutory maximum for possession of an undetermined amount of marijuana with intent to distribute. *See* § 841(b)(1)(D); *Nordby,* 225 F.3d at 1059. Where a defendant's actual sentence falls below the statutory maximum for the offense to which he pleaded guilty, he is not prejudiced for purposes of *Apprendi. See United States v. Scheele,* 231 F.3d 492, 497 n. 2 (9th Cir.2000). Accordingly, the purported sentencing error by the district court was harmless. *See United States v. Garcia–Guizar,* 234 F.3d 483, 488–89 (9th Cir. 2000).

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.