**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Hector German RODRIGUEZ, Defendant–Appellant.**

No. 99–50648.

D.C. No. CR–99–00724–RMB.

United States Court of Appeals, Ninth Circuit.

Submission Deferred May 3, 2001.*

Resubmitted Jan. 25, 2002.

Decided April 26, 2002.

Before KOZINSKI and TALLMAN, Circuit Judges, and WINMILL, District Judge.**

SUPPLEMENTAL

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable B. Lynn Winmill, Chief United States District Judge for the District of Idaho, sitting by designation.

MEMORANDUM ***

Appellant Hector German Rodriguez challenged his drug conviction, claiming that the statute he was convicted of violating was unconstitutional, and that the trial court erred in admitting certain evidence. In an earlier memorandum disposition, we resolved all but the *Apprendi* issues, which we ordered deferred pending resolution of *United States v. Buckland,* 277 F.3d 1173 (9th Cir.2002) (en banc). *Buckland* was then decided and we resubmitted the *Apprendi* issues on January 25, 2002. We affirm.

Rodriguez was convicted of violating 21 U.S.C. § 841(a)(1) for possession of marijuana with intent to distribute. The jury made no finding as to the amount of marijuana possessed by Rodriguez. At sentencing, the district court found that Rodriguez possessed more than 50 kilograms of marijuana, thereby exposing Rodriguez to a statutory maximum sentence of 20 years. *See* 21 U.S.C. § 841(b)(1)(C) (West 1999 & Supp.2001).**** If the district court had not made that finding as to quantity, Rodriguez would have faced a maximum sentence of five years. *See* 21 U.S.C. § 841(b)(1)(D) (West 1999 & Supp. 2001). The district court sentenced Rodriguez to a term of imprisonment of 46 months.

■ Rodriguez argues that § 841 is unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We rejected a similar argument in *Buckland,* 277 F.3d at 1178–83, and find that case dispositive here.

■ To the extent that Rodriguez challenges his sentence under *Apprendi,* we also reject that claim. While the district court erred in not submitting the quantity issue to the jury (an error that was impossible to avoid since *Apprendi* was not decided until after trial), that error was harmless beyond a reasonable doubt because the sentence imposed, 46 months, was below the lowest possible statutory maximum sentence, 60 months under § 841(b)(1)(D). *See United States v. Garcia-Guizar,* 234 F.3d 483, 488–89 (9th Cir. 2000), *cert. denied,* 532 U.S. 984, 121 S.Ct. 1629, 149 L.Ed.2d 490 (2001).

AFFIRMED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**** Section 841(b)(1)(C) provides for a 20 year maximum sentence "[i]n the case of a controlled substance in schedule I...." Marijuana is a controlled substance in schedule I. *See* 21 U.S.C. § 812(c).

