UNITED STATES of America,
Plaintiff–Appellee,

v.

**Sonia Guadalupe URIARTE,
Defendant–Appellant.**

No. 00–50616.
D.C. No. CR–00–00994–TJW.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 24, 2002.

Before FERNANDEZ, THOMAS and WARDLAW, Circuit Judges.

MEMORANDUM **

Sonia Guadalupe Uriarte appeals her guilty plea conviction and 4–month sentence for one count of importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Uriarte contends that 21 U.S.C. §§ 952 and 960 are unconstitutional under *Ap-*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

prendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and United States v. Nordby, 225 F.3d 1053, 1058–59 (9th Cir.2000), overruled in part by United States v. Buckland, 289 F.3d 558, 2002 WL 857751, at *6 (9th Cir. May 7, 2002) (en banc) (overruling Nordby's conclusion that Congress committed drug quantity to the sentencing judge to decide by a preponderance of the evidence). This contention is foreclosed by our decisions in United States v. Varela–Rivera, 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) (concluding that Buckland, which determined that § 841 is constitutional, also precludes a challenge to the constitutionality of § 952), and United States v. Mendoza–Paz, 286 F.3d 1104, 1109–10 (9th Cir.2002) (concluding that Apprendi does not render § 960 facially unconstitutional).

Moreover, Uriarte's 4–month sentence is well below the 5–year statutory maximum for importation of any amount of marijuana. See § 960(b)(4). Where a defendant's actual sentence falls below the statutory maximum for the offense to which she pleaded guilty, she is not prejudiced for purposes of Apprendi. See United States v. Scheele, 231 F.3d 492, 497 n. 2 (9th Cir.2000). Accordingly, any sentencing error under Apprendi was harmless. See United States v. Garcia–Guizar, 234 F.3d 483, 488–89 (9th Cir.2000), cert. denied, 532 U.S. 984, 121 S.Ct. 1629, 149 L.Ed.2d 490 (2001).

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).