**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rodolfo TELLO–BERNAL,
Defendant–Appellant.**

No. 00–50419.
D.C. No. CR–00–00284–JTM.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 24, 2002.

Before FERNANDEZ, THOMAS and WARDLAW, Circuit Judges.

MEMORANDUM **

Rodolfo Tello–Bernal appeals his guilty plea conviction and 46–month sentence for one count of importation of cocaine and one count of aiding and abetting the possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 952, 960 and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Tello–Bernal contends that 21 U.S.C. §§ 841, 952 and 960 are unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *United States v. Nordby,* 225 F.3d 1053, 1058–59 (9th Cir.2000), *over-*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ruled in part by *United States v. Buck-land*, 289 F.3d 558, 2002 WL 857751, at *6 (9th Cir. May 7, 2002) (en banc) (overruling *Nordby*'s conclusion that Congress committed drug quantity to the sentencing judge to decide by a preponderance of the evidence). This contention is foreclosed by our decisions in *Buckland*, at *2–6, —— ― —— (concluding that § 841 is not facially unconstitutional in light of *Apprendi* ), *United States v. Varela–Rivera*, 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) (concluding that *Buckland* also precludes a challenge to the constitutionality of § 952), and *United States v. Mendoza–Paz*, 286 F.3d 1104, 1109–10 (9th Cir.2002) (concluding that *Apprendi* does not render § 960 facially unconstitutional).

Moreover, Tello–Bernal's 46–month sentence is well below the 20–year statutory maximum for possession of any measurable amount of cocaine with intent to distribute. *See* § 841(b)(1)(C); *United States v. Romero*, 282 F.3d 683, 690 (9th Cir. 2002). Where a defendant's actual sentence falls below the statutory maximum for the offense to which he pleaded guilty, he is not prejudiced for purposes of *Apprendi*. *See United States v. Scheele*, 231 F.3d 492, 497 n. 2 (9th Cir.2000). Accordingly, any sentencing error under *Apprendi* was harmless. *See United States v. Garcia–Guizar*, 234 F.3d 483, 488–89 (9th Cir.2000), *cert. denied*, 532 U.S. 984, 121 S.Ct. 1629, 149 L.Ed.2d 490 (2001).

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.