**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Maria Josefina MARTINEZ–VACA,**
**Defendant–Appellant.**

No. 00–50729.

D.C. No. CR–00–01935–IEG.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted June 10, 2002.*

Decided June 14, 2002.

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

MEMORANDUM **

Maria Josefina Martinez–Vaca appeals her guilty-plea conviction and 6–month sentence for one count of importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Martinez–Vaca contends that 21 U.S.C. §§ 952 and 960 are unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *United States v. Nordby,* 225 F.3d 1053, 1058–59 (9th Cir.2000), *overruled in part by United States v. Buckland,* 289 F.3d 558, 568 (9th Cir.2002) (en banc) (overruling *Nordby's* conclusion that Congress committed drug quantity to the sentencing judge to decide by a preponderance of the evidence), *cert. denied,* 2002 WL 764233 (U.S. May 28, 2002). This contention is foreclosed by our decisions in *United States v. Varela–Rivera,* 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) (concluding that *Buckland,* which determined that § 841 is constitutional, also precludes a challenge to the constitutionality of § 952), and *United States v. Mendoza–Paz,* 286 F.3d 1104, 1109–10 (9th Cir.2002) (concluding that *Apprendi* does not render § 960 facially unconstitutional).

To the extent that Martinez–Vaca is also raising an as-applied challenge to her sentence, it is without merit. Martinez–Vaca's 6–month sentence is well below the 5–year statutory maximum for importation of any amount of marijuana. *See* § 960(b)(4); *United States v. Carranza,* 289 F.3d 634, 643 (9th Cir.2002). Where a defendant's actual sentence falls below the statutory maximum for the offense to which she pleaded guilty, she is not prejudiced for purposes of *Apprendi. See United ed States v. Scheele,* 231 F.3d 492, 497 n. 2 (9th Cir.2000). Accordingly, any sentencing error under *Apprendi* was harmless.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*See United States v. Garcia–Guizar,* 234 F.3d 483, 488–89 (9th Cir.2000), *cert. denied,* 532 U.S. 984, 121 S.Ct. 1629, 149 L.Ed.2d 490 (2001).

AFFIRMED.