UNITED STATES of America, Plaintiff–Appellee,

v.

Clyde K. NAKATA, Defendant–Appellant.

No. 01–10262.
D.C. No. CR–00–00287–SOM.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002.*

Decided June 14, 2002.

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Clyde K. Nakata appeals the 70–month sentence imposed following his guilty-plea conviction for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and use of a communication facility to facilitate same, in violation of 21 U.S.C. § 843(b). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, and we dismiss in part.

■ Nakata contends that 21 U.S.C. § 841 is facially unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This argument is foreclosed by *United States v. Buckland*, 289 F.3d 558, 571 (9th Cir.), *cert. denied*, ── U.S. ──, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002) (as amended en banc) (upholding facial constitutionality of § 841). Nakata also argues that *Apprendi* requires knowledge of drug type and quantity are elements of his offense. We recently rejected this argument *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.2002) (holding that *Apprendi* does not change the "long established rule" that the government need only show that the defendant knew he imported or possessed some controlled substance).

■ Nakata next challenges his sentence imposed under 21 U.S.C. § 843(b), to the extent that the sentence is determined by reference to § 841. This contention fails because § 841 is constitutional. Moreover, *Apprendi* is not implicated because Nakata's 70–month sentence was less than the statutory maximum of 168 months. *See United States v. Garcia–Guizar*, 234 F.3d 483, 489 (9th Cir.) *cert. denied*, 532 U.S. 984, 121 S.Ct. 1629, 149 L.Ed.2d 490 (2001)(finding no *Apprendi*

error where defendant's sentence is less than the statutory maximum).

Nakata also contends that the district court erred by declining to grant a downward departure based on his efforts to seek rehabilitation. Because, as Nakata concedes, the district court did not rest its decision on an erroneous belief that it lacked the authority to do so, we lack jurisdiction to review the district court's discretionary decision. *United States v. Morales*, 898 F.2d 99, 101–02 (9th Cir. 1990).

AFFIRMED in part, DISMISSED in part.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

