**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Lorenzo Gomez CHICHIL,
Defendant—Appellant.**

**United States of America,
Plaintiff—Appellant,**

v.

**Lorenzo Gomez Chichil, Defendant—
Appellee.**

**Nos. 00–50128, 00–50136 and 00–50137.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2003.

Decided May 5, 2003.

locutory appeal before us. *See Chweya v. Yaroslavsky,* 2002 WL 1316484 (9th Cir. 2002).

**600**

Before: PREGERSON, TASHIMA, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Lorenzo Gomez Chichil appeals his jury conviction and sentence for conspiracy and distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). The government cross-appeals the sentence, arguing that the district court erred by refusing to apply the mandatory sixty-month consecutive sentence for the firearm offense, and alternatively, that the district court should have enhanced Chichil's sentence by two levels under the Sentencing Guidelines.

We need not recite the facts here because they are known to the parties.

1. *Chichil's Due Process and Entrapment Claims*

A trial court's ruling on a motion for acquittal is reviewed de novo. *See United*

States v. Hardy, 289 F.3d 608, 612 (9th Cir.2002); *United States v. Hernandez–Herrera,* 273 F.3d 1213, 1218 (9th Cir. 2001). Consequently, this court must review the evidence presented against the defendant in a light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Hernandez–Herrera,* 273 F.3d at 1218.

"To establish inducement as a matter of law, the defendant must point to *undisputed evidence* making it *patently clear* that the government induced an otherwise innocent person ... to commit the illegal act by trickery, persuasion, or fraud *of a government agent.*" *United States v. Tucker,* 133 F.3d 1208, 1217 (9th Cir.1998) (emphases added and brackets omitted). If a defendant can show that the government induced him into committing the crime, the burden shifts to the government to show beyond a reasonable doubt that the defendant had a predisposition to commit the crime. *Id.*

▮ The facts of this case, taken in the light most favorable to the government, do not evince entrapment as a matter of law, much less outrageous government conduct. The evidence most favorable to the government shows that (1) Chichil committed the offenses voluntarily; (2) the government neither directed nor supervised Aparicio, and so he could not have been an agent of the government, as Chichil alleged; (3) Chichil carried a loaded firearm to at least one drug sale and expressed a desire to sell guns as well as drugs, which indicates that Chichil was disposed to committing the crime. In any event, and regardless of the applicable standard of review, be-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cause Chichil cannot point to undisputed evidence making it patently clear that the government induced Chichil to commit the crime, his defense of entrapment fails. Moreover, because he does not demonstrate that the government participated in and orchestrated the crime from start to finish, his claim that his right to due process was violated because of "outrageous government conduct" also fails. *See Greene v. United States,* 454 F.2d 783, 787 (9th Cir.1971).

### 2. *The Constitutionality of Chichil's Sentence under* Apprendi

Chichil argues on appeal that his sentence violates the rule the Supreme Court announced in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The *Apprendi* Court held that any fact that increases the penalty for a crime beyond the statutory maximum—other than the fact of a prior conviction—must be submitted to a jury and proved beyond a reasonable doubt. *Id.* at 490. However, because Chichil did not object to the district court's findings with respect to the amount of drugs, we only review for plain error. *United States v. Garcia–Guizar,* 227 F.3d 1125, 1129 (9th Cir.2000). Under the plain error standard, Chichil must establish that (1) there was an error; (2) it was plain; and (3) it affected his substantial rights. *United States v. Buckland,* 289 F.3d 558, 563 (9th Cir.2002) (en banc). If Chichil could make those showings, this court may exercise its discretion to correct the error if the error affects the "fairness, integrity, or public reputation" of the judicial proceeding. *Id.*

▮ Chichil argues that *Apprendi* requires that the jury should have specifically determined the amount of drugs in question. He argues that because the jury did not determine the specific amount of drugs involved he was unconstitutionally

exposed to a higher sentence. Chichil cites only to one case of this circuit—which has since been overruled—to substantiate his claim. *United States v. Nordby,* 225 F.3d 1053 (9th Cir.2000), *overruled by Buckland,* 289 F.3d at 568. It is doubtful that Chichil could even prove error, however, because 21 U.S.C. § 841(b)(1)(C) sets the applicable statutory maximum penalty at twenty years (or 240 months) *for unspecified amounts of cocaine base. See* 21 U.S.C. § 841(b)(1)(C); *Garcia–Guizar,* 227 F.3d at 1129. Even if Chichil could somehow prove error, his argument would fail nevertheless, because his substantial rights have not been affected. The sentence—168 months—falls well below the statutory maximum of 240 months.

### 3. *The Government's Cross-appeal*

The government cross-appeals Chichil's sentence, arguing that the district court erred by refusing to sentence Chichil to a mandatory sixty-month consecutive sentence for the firearm offense under 18 U.S.C. § 924(c). The district court's decision regarding the sixty-month sentence for Chichil's conviction under 18 U.S.C. § 924(c) was as follows: "Based upon the Court's recollection of the tape and also the passages from that recorded transmission, it really does not appear as if the possession of that weapon fits in the category of a 924 type of an offense." Because the court did not elaborate as to why it declined to apply the sixty-month sentence despite the jury's conviction, we cannot be certain as to its reasoning. In any event, we find it difficult to conclude that no reasonable jury could have found Chichil guilty beyond a reasonable doubt of carrying a firearm in relation to a drug offense under 18 U.S.C. § 924(c).

Therefore, we AFFIRM Chichil's convictions, VACATE his sentence, and REMAND to the district court for re-sentenc-

ing with instructions to apply the 60–month consecutive sentence mandated under 18 U.S.C. § 924(c).