UNITED STATES of America,
Plaintiff—Appellee,

v.

. Joseph Lester JARDINE, Defendant—
Appellant.

No. 02–10290.
D.C. No. CR–99–40024–DLJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 14, 2005.

Decided March 24, 2005.

Amber S. Rosen, Esq., Office of the U.S. Attorney, San Jose, CA, for Plaintiff–Appellee.

Katherine Alfieri, Esq., San Francisco, CA, for Defendant–Appellant.

Before HAWKINS, MCKEOWN, and CLIFTON, Circuit Judges.

MEMORANDUM *

Joseph Lester Jardine appeals his conviction for conspiring to possess methamphetamine with intent to distribute in violation of 21 U.S.C. § 846 and possessing methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), for which he was sentenced to 188 months in prison.

■ Jardine first contests his conviction on the basis that the district court erred in denying his motion to disclose the identity of the government's informant. To over-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

come the government's limited privilege to conceal an informant's identity, Jardine must show "a need for the information" and that there is "more than a 'mere suspicion' that the informant has information which will prove 'relevant and helpful' to his defense, or that will be essential to a fair trial." *United States v. Henderson*, 241 F.3d 638, 645 (9th Cir.2000). Because Jardine has not met this burden, the district court did not abuse its discretion in denying disclosure of the informant's identity. *See id.* at 646.

Jardine next contends that the district court erred in denying his motion to suppress evidence. Although Jardine claims that the magistrate erred in issuing the warrant because the government's informant was unreliable, the information in the officer's supporting affidavit provided the magistrate with "a 'sufficient basis' for finding probable cause." *United States v. Meek*, 366 F.3d 705, 712 (9th Cir.2004) (quoting *United States v. Weber*, 923 F.2d 1338, 1343 (9th Cir.1990)). Even assuming that the officer's affidavit was insufficient to establish probable cause, the record supports that it fell within the good-faith exception established in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3430, 82 L.Ed.2d 677 (1984).

■ Turning to Jardine's sentence, because Jardine raised an *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), objection at sentencing, we review for harmless error. *See United States v. Garcia-Guizar*, 234 F.3d 483, 488 (9th Cir.2000). The jury's verdict did not specify any amount of methamphetamine for which Jardine was responsible, but the district court based Jardine's sentence on 2,985 grams for a base offense level of 34 without any adjustments. This quantity was neither admitted by Jardine nor proved to the jury beyond a reasonable doubt. *See United States v. Booker*,

— U.S. ——, ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005). We therefore vacate Jardine's sentence and remand for resentencing in light of *Booker*.

Finally, Jardine claims that the district court erred in denying his motions for substitution of counsel. The lawyer who was the subject of the motions was appointed after trial and therefore any error would have affected only post-trial proceedings. Given that remand is proper for resentencing under *Booker* and Jardine no longer is represented by the same counsel, this issue is moot.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.