**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Mark A. ORANTEZ, Defendant— Appellant.**

**No. 08–10439.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2009.*

Filed Aug. 14, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gregory J. Fouratt, Esquire, Laura Fashing, Assistant U.S., U.S. Attorney's Office, Albuquerque, NM, for Plaintiff–Appellee.

Richard Madril, Esquire, Tucson, AZ, for Defendant–Appellant.

Before: KLEINFELD, M. SMITH, and IKUTA, Circuit Judges.

MEMORANDUM **

Mark A. Orantez appeals from the 68–month sentence imposed upon resentencing for his jury-conviction of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Orantez contends that the district court's imposition of a higher sentence upon resentencing must be considered "vindictive" and therefore violative of his due process rights. The record plainly reveals that on remand, the district court imposed a higher sentence because, among other things, Orantez was subject to a two-level sentencing enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). Because the district court's reasons for imposing a higher sentence "affirmatively appear" in the record, Orantez failed to establish that the greater sentence was vindictive. *See Alabama v. Smith,* 490 U.S. 794, 798, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989); *see also United States v. Garcia–Guizar,* 234 F.3d 483, 489–90 (9th Cir.2000).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.