FILED

JUL 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30292 |
| Plaintiff - Appellee, | D.C. No. 3:04-cr-05350-RBL-2 |
| v. | |
| TYRONE DAVIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted July 14, 2010
Seattle, Washington

Before: RYMER and N.R. SMITH, Circuit Judges, and HART, Senior District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable William Hart, Senior United States District Judge for
the Northern District of Illinois, sitting by designation.

Tyrone Davis appeals the 18-year sentence imposed by the district court following his guilty plea for conspiracy to distribute cocaine base, distribution of cocaine base, and possession with intent to distribute cocaine base. We affirm.

I

Davis concedes that *United States v. Grissom*, 525 F.3d 691 (9th Cir. 2008), forecloses his argument that the district court erred in calculating his base offense level at resentencing. *See id.* at 697 n.3.

II

Assuming that breach of the plea agreement is preserved as an issue for appeal, we see no reversible error in the government's presenting evidence of the nature and extent of Davis's drug activities in support of the plea agreement's recommended sentence. The government offered the evidence to counter Davis's argument for a lower sentence based on the disparity between crack and cocaine, and to show that an enhancement for being a manager/supervisor was warranted. No attempt was made to influence the court to impose a greater sentence. *See United States v. Allen*, 434 F.3d 1166, 1175 (9th Cir. 2006).

III

Evidence supports the three-level enhancement pursuant to U.S.S.G. § 3B1.1(b) for being a manager or supervisor of the Seven Deuce Mob's drug operation. The district court is not required to make specific findings of fact for an upward adjustment, *United States v. Govan*, 152 F.3d 1088, 1096 (9th Cir. 1998), but among other things, Agent Ringer's testimony showed that Davis controlled the source of supply, who was allowed to be there when suppliers were present, and prices; supervised cooking and decided where sales could be made; and was the one to whom other members of the Seven Deuce Mob turned for help when they were in trouble. Davis basically took over his brother's leadership role when his brother was incarcerated. These facts support a finding that Davis was a manager of the enterprise. *See, e.g.*, *United States v. Garcia-Guizar*, 234 F.3d 483, 491 (9th Cir. 2000); *United States v. Egge*, 223 F.3d 1128, 1132 (9th Cir. 2000).

IV

District courts are directed to "'impose a sentence sufficient, but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment . . . ." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (quoting 18 U.S.C. § 3553(a)). Although we do not

3

"presume on appeal that a sentence within the Guidelines range is reasonable," *id*.

at 993, "a Guidelines sentence will usually be reasonable, because it reflects both

the Commission's and the sentencing court's judgment as to what is an appropriate

sentence for a given offender," *Rita v. United States*, 551 U.S. 338, 351 (2007).

The district court did not abuse its discretion in concluding that the 18-year (216

month) sentence recommended by the plea agreement – and within the advisory

Guidelines range of 188-235 months – was appropriate.

AFFIRMED.