**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Damian TORRES–MEZA,**
**Defendant–Appellant.**

No. 00–50196.

D.C. No. CR–99–00885–ABC–2.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2002.*

Decided June 14, 2002.

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

MEMORANDUM **

Damian Torres–Meza appeals from his guilty-plea conviction and 121–month sentence imposed for conspiracy to distribute and distribution of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. Pursuant to *Anders v. California,* 386 U.S.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Torres–Meza's counsel has filed a brief stating that there are no arguable issues for review, and a motion to withdraw as counsel of record. Counsel has identified and correctly rejected four potential issues for appeal. First, we find no plain error in the district court's Rule 11 plea colloquy. *See United States v. Vonn,* —— U.S. ——, ——, 122 S.Ct. 1043, 1048, 152 L.Ed.2d 90 (2002). Second, the district court did not clearly err in denying Meza's request for a minor participant role reduction. *See United States v. Benitez,* 34 F.3d 1489, 1497 (9th Cir.1994). Finally, the district court's discretionary decisions to deny downward departures for aberrant behavior and alien status are unreviewable on appeal. *See United States v. Davoudi,* 172 F.3d 1130, 1133–34 (9th Cir.1999).

Torres–Meza filed a pro se supplemental brief in which he contends that his sentence and conviction violate the dictates of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). These contentions lack merit. We recently upheld the constitutionality of 21 U.S.C. § 841 in *United States v. Buckland,* 289 F.3d 558 (9th Cir.2002) (en banc). Additionally, Torres–Meza's 121–month sentence does not run afoul of *Apprendi* because it falls substantially below the 20–year statutory maximum sentence applicable where an indictment fails to state any quantity of narcotic involved. *See* 21 U.S.C. § 841(b)(1)(C) (prescribing not more than twenty years for distribution of a detectable amount of a schedule II controlled substance, including methamphet-

amine); *see also United States v. Garcia–Guizar,* 227 F.3d 1125, 1129 (9th Cir.2000) (holding that *Apprendi* does not require reversal when defendant's sentence is less than the statutory maximum for the offense of conviction).[1]

Having conducted an independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 83–84, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we conclude that there are no arguable appellate issues on direct appeal.

Counsel's motion to withdraw is GRANTED, and the district court's judgment is AFFIRMED.

---

1. Torres–Meza additionally contends that his plea was not knowing and voluntary because he was unaware that the government was required to prove drug type and quantity beyond a reasonable doubt. To the extent that this argument raised for the first time in Torres–Meza's pro se supplemental reply brief is properly before us, we conclude that it lacks merit. The district court conducted a thorough Rule 11 colloquy; Torres–Meza was represented by counsel and had sufficient awareness of the charges and potential consequences to render his guilty plea voluntary and intelligent.

