UNITED STATES of America,
Plaintiff–Appellant,

v.

Delores JACKSON, Defendant–Appellee.

No. 98–50257.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 7, 1999.

Decided Feb. 25, 1999.

Mark S. Hardiman, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellant.

Donald B. Marks, Marks & Brooklier, Los Angeles, California, for the defendant-appellee.

Before: LAY,* GOODWIN and SCHROEDER, Circuit Judges.

* Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

GOODWIN, Circuit Judge:

The United States appeals the 21 month sentence imposed by the district court following a jury conviction for violations of 21 U.S.C. §§ 843(a), 846. It contends that the district court committed reversible error in failing to apply United States Sentencing Guideline (U.S.S.G.) § 1B1.2(d) during sentencing following a multi-object conspiracy conviction by general jury verdict. We agree, and we vacate the sentence and remand for resentencing.

## I. Procedural Background

The jury returned a general verdict convicting Jackson of one count of conspiracy (21 U.S.C. § 846),[1] fifteen counts of acquiring Dilaudid, a prescription drug, by fraud (21 U.S.C. § 843(a)(3)), and fifteen counts of furnishing false Dilaudid prescription information (21 U.S.C. § 843(a)(4)(A)). However, the jury acquitted her of fifteen counts of Dilaudid distribution (21 U.S.C. § 841(a)(1)) and one count of possession with intent to distribute Dilaudid (21 U.S.C. § 841(a)(1)).

The government's sentencing memorandum declined to consent to a sentence based solely on the § 843 conspiracy object, under which a base offense level of 8 and an 8 year statutory maximum would apply. The government requested that either (i) Jackson's conspiracy conviction be vacated and a new trial be set; (ii) the district court apply U.S.S.G. § 1B1.2(d), find that the government had proved beyond a reasonable doubt the distribution object as well, and sentence the defendant under the § 841 distribution guideline (U.S.S.G. § 2D1.1) at a base offense level of 38; or (iii) upwardly depart from the § 843 guideline (U.S.S.G. § 2D2.2).

Jackson's sentencing memorandum argued that U.S.S.G. § 1B1.2(d) was inapplicable because she had been acquitted on the substantive distribution counts. She also objected to a proposed four-level enhancement for her leadership role in the conspiracy.

After considering the sentencing documents, the court orally imposed a sentence, within a 15–21 months range based on a base offense level of 8 and a four-level enhancement, pursuant to U.S.S.G. § 2D2.2. The court failed to consider, however, whether it could apply U.S.S.G. § 1B1.2(d) and sentence Jackson for the distribution counts of the conspiracy, pursuant to U.S.S.G. § 2D1.1.[2] After imposing sentence, the district court issued a written order holding that U.S.S.G. § 1B1.2(d) was constitutional, and that its failure to consider the guideline was clear error under Federal Rule of Criminal Procedure 35(c). The district court consequently vacated Jackson's sentence pending a hearing on § 1B1.2(d)'s applicability.

At a further hearing, however, the district court reimposed its previous sentence. The court reasoned that even though it would have found the evidence at trial to be sufficient to prove the distribution object of the conspiracy charge, it did not have jurisdiction to vacate the original sentence under Rule 35(c). Thus, the district court reinstated the original 21 month sentence on the conspiracy count.

## II. Effect of Acquittal of Counts

### A. *Sentencing Guideline § 1B1.2(d)*

The government contends that the district court erred in failing to apply U.S.S.G. § 1B1.2(d) and to take into account the § 841 distribution object of the conspiracy. *See* United States Sentencing Commission, Guidelines Manual, § 1B1.2(d) ("[a] conviction on a count charging a conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to com-

---

1. The jury did not specify on what grounds it chose to convict Jackson of conspiracy. A § 846 conspiracy charge can be based on any offense defined under the same subchapter (i.e., 21 U.S.C. §§ 801–950). Determining the object of a conspiracy conviction is important because the court must sentence a defendant based on the penalties established for the object. 21 U.S.C. § 846 ("[a]ny person who attempts or conspires to commit any offense defined in this subchapter

shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy").

2. The recommended guidelines sentence for conspiracy to distribute based on a base offense level of 38 plus a four-level enhancement is 360 months to life.

mit"). The government argues that if the district court had correctly applied § 1B1.2(d), it would have found Jackson guilty of conspiracy to distribute (along with conspiracy to acquire the drug by fraud and conspiracy to provide false prescription information) and sentence her closer to the recommended 360 month sentence. *See infra* Part III.C; U.S.S.G. § 1B1.2(d), comment. n. 5.[3] This court has applied U.S.S.G. § 1B1.2(d) to sentence a defendant as if he were convicted on a separate count of conspiracy for each separate charge. *See United States v. Tham,* 960 F.2d 1391, 1400–01 (9th Cir.1992). Further, the *Tham* court expressly permitted the sentencing judge to determine of which conspiracy objects the defendant was guilty, even though the jury returned a general verdict. *See id.* (citing U.S.S.G. § 1B1.2(d), comment. n. 5).

·On the other hand, Jackson asserts that her acquittal by jury of the substantive § 846 distribution charges precluded the sentencing judge from considering the distribution object of the conspiracy charge. Jackson also argues that U.S.S.G. § 1B1.2(d) is unconstitutional, because it violates the Due Process Clause of the Fifth Amendment and the Sixth Amendment right to a jury trial by authorizing the judge, rather than the jury, to determine the object of a conspiracy, which she asserts is an essential element of the crime charged.

B. *Constitutionality of U.S.S.G. § 1B1.2(d)*

Jackson points to an apparent conflict among circuits over whether § 1B1.2(d) is constitutional, and to the Ninth Circuit's discussion of the matter in *United States v. Garcia,* a pre-guidelines case in which this court questioned, in dicta, the guideline's constitutionality. 37 F.3d 1359, 1371 n. 4

(9th Cir.1994) (holding that sentencing court cannot speculate as to which object of conspiracy jury found to support conviction by general verdict, and that court is allowed to apply sentence only for lesser offense).[4]

The *Garcia* court advanced the rationale (i) that removing from the jury the responsibility of deciding what facts are necessary to establish all elements of a crime violated the Fifth Amendment Due Process Clause, and (ii) that allowing a sentencing judge to determine which objects of a conspiracy offense were proven beyond a reasonable doubt violated the defendant's Sixth Amendment right to a jury trial. *Id.* at 1370–71. Accepting these conclusions would make it difficult to reconcile constitutionally U.S.S.G. § 1B1.2(d) (which allows a judge to determine which conspiracy objects apply for sentencing purposes).

Jackson also cites Eighth and Tenth Circuit cases, which she contends support the logic of *Garcia. See United States v. Nattier,* 127 F.3d 655 (8th Cir.1997); *United States v. Bush,* 70 F.3d 557, 560–62 (10th Cir.1995); *Garcia,* 37 F.3d at 1371. For example, in *Bush* the Tenth Circuit concluded that the object of a conspiracy is an element of an offense that should be determined by a jury, and held that allowing a sentencing judge to apply U.S.S.G. § 1B1.2 would violate the Fifth and Sixth Amendments. *See* 70 F.3d at 561–62. The court agreed with the Ninth Circuit's analysis in *Garcia* and reaffirmed the remedy for these situations, which it first announced in *United States v. Pace,* 981 F.2d 1123 (10th Cir.1992) (holding that if sentencing judge is unable to determine with reasonable certainty to which object of conspiracy charge defendant pleaded guilty, then court must sentence defendant on basis of object yielding lowest possi-

---

3. Commentary note 5 states that if the verdict or plea does not establish which offense(s) was the object of the conspiracy, "subsection (d) should only be applied with respect to an object offense alleged in the conspiracy count if the court, were it sitting as a trier of fact, would convict the defendant of conspiring to commit that object offense."

4. In *Garcia,* this court has stated:
   We note that the sentencing guidelines in section 1B1.2(d)(n.5) state that when the verdict

in a multi-object conspiracy does not establish which offense was the object of the conspiracy, the court is to decide the object of the conspiracy.... The case at hand is a pre-guidelines case, but we acknowledge that the rationale of this holding casts doubt on the constitutionality of that provision of the sentencing guidelines, because that provision permits a judge rather than the jury to find the facts necessary to establish an element of the crime.
*Id.* at 1371 n. 4.

ble base offense level). In *Nattier*, the Eighth Circuit recited the rule of *United States v. Owens,* 904 F.2d 411 (8th Cir.1990), in which the court held that if a general verdict were utilized in a multi-object conspiracy case, then the district court should sentence the defendant based on the count that yields a lower sentence. *See Nattier,* 127 F.3d at 661.[5]

■ However, recent Supreme Court precedent appears to defeat Jackson's argument that § 1B1.2 is unconstitutional. First, the Court has since held that so long as the sentencing court does not alter the maximum statutory sentence (based on the lesser object offense) of a multi-object conspiracy conviction, it is constitutional for the court to consider conduct for which the defendant was never charged or was acquitted.[6] *See Edwards v. United States,* 523 U.S. 511, 118 S.Ct. 1475, 1477, 140 L.Ed.2d 703 (1998) (holding that U.S.S.G. § 1B1.3, which permits judge to base § 846 drug-conspiracy offender's sentence on his relevant conduct, including harsher object offense, was not unconstitutional, in part, because harsher suggested sentence imposed did not exceed statutory maximum of lesser object offense); *see also United States v. Watts,* 519 U.S. 148, 117 S.Ct. 633, 634–38, 136 L.Ed.2d 554 (1997) (asserting that acquittal is not finding of fact, and establishes only that government failed to prove all essential elements of offense beyond reasonable doubt). The *Edwards* holding undercuts the vitality of the *Garcia, Bush, Pace,* and *Owens* language, which assert that a district court is required to sentence a defendant, following a general verdict, based on the conspiracy object that would yield the lowest sentence.[7]

■ Second, Jackson's argument that § 1B1.2(d) violates her Sixth Amendment right to a jury trial is unconvincing in light of *Griffin v. United States,* 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991). In *Griffin,* the Court held that a general guilty verdict on multiple-object conspiracy was legally supportable if the jury could find that at least one of the objects supported the conspiracy charge. *Id.* at 49–51, 112 S.Ct. 466. Thus, a sentencing court could reasonably apply U.S.S.G. § 1B1.2(d) (i.e., consider, as a sentencing factor, whether the defendant was guilty of conspiring to commit one of the object offenses) without violating a defendant's Sixth Amendment right to a jury trial, so long as the jury had already found the defendant guilty of conspiring to commit at least one of the other alleged object offenses. The Second, Third, Fifth, and Eleventh Circuits all have relied upon *Griffin* to conclude that applying § 1B1.2 does not violate the Sixth Amendment, for making an object of the conspiracy "a matter for the sentencer rather than an element of the crime does not violate the Sixth Amendment." *United States v. Conley,* 92 F.3d 157, 166 (3d Cir.1996) (reasoning that if "it were constitutionally impermissible to treat the object of a multi-object conspiracy indictment as a sentencing factor rather than as an element of the crime, then it is difficult to understand how the Griffin court, consistently with [the requirement that the government prove every element of a crime beyond a reasonable doubt], could have permitted a conspiracy conviction to stand when there was insufficient evidence to support a conviction for one of the objects"); *see United States v. Malpeso,* 115 F.3d 155, 168 (2d Cir.1997) (same); *United States v. Manges,* 110 F.3d 1162, 1179 n. 16 (5th Cir.1997)

---

**5.** It appears that Jackson's citation to *Nattier* is inapposite. The *Nattier* court actually upheld the defendants' sentences because it determined the evidence was sufficiently strong to support both objects of the conspiracy, and *relied on* U.S.S.G. § 1B1.2(d) note 5 to support its conclusion. Jackson most likely cited to *Nattier* to recount the *Owens* rule (even though the rule was not dispositive of the case).

**6.** In other words, basing a sentence recommendation on the object offense yielding the highest guidelines offense level is permissible as long as the defendant is not sentenced to more than

lowest of the statutory maximums applicable to the various object offenses. If the defendant does not receive a sentence greater than the lowest statutory maximum, then proposing a higher guidelines offense level sentence does not potentially punish her for a different, more stringent crime.

**7.** The Eight Circuit recognized in *United States v. Brown,* 148 F.3d 1003, 1011 (8th Cir.1998) that *Edwards* effectively overruled *Owens.* The Tenth Circuit recognized in *United States v. Bell,* 154 F.3d 1205, 1209–11 (1998), that *Edwards* abrogated the lower-sentence rule set forth in *Pace.*

(same); *United States v. Ross*, 131 F.3d 970, 992–94 (11th Cir.1997) (same).

■ Further, *Griffin* also defeats Jackson's claim that her due process rights had been impinged. If determining whether an offense is an object of a conspiracy can be treated as a sentencing factor rather than an element of a crime, then a sentencing court would not be violating the Due Process Clause, for the court would only be evaluating evidence for sentencing purposes rather than impermissibly acting as a factfinder. The government contends that Jackson's argument, in substance, implicates only the Sixth Amendment right to a jury trial, not the Fifth Amendment Due Process Clause. We agree. No due process violation occurs because § 1B1.2(d) requires that the sentencing court apply a "beyond a reasonable doubt" standard of proof to determine the objects of a conspiracy. This requirement offers the defendant sufficient constitutional due process protection. *See Ross*, 131 F.3d at 994; *Conley*, 92 F.3d at 168 (citing *McMillan v. Pennsylvania*, 477 U.S. 79, 86, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986)).

### C. *Application of § 1B1.2(d)*

■ Jackson argues that even if this court finds § 1B1.2(d) to be constitutional, her acquittal of the substantive distribution charges effectively preempts the trial court from sentencing her based on the distribution objects of her conspiracy conviction. Jackson contends that because the jury was instructed to apply the *Pinkerton* theory, in which Jackson could have been convicted of the substantive charges under a lenient conspiracy liability standard, then her acquittal of the substantive charges necessarily relieved her of any potential punishment based on the distribution object.

However, the Supreme Court has held that a jury's general verdict of not guilty for a substantive charge does not bind a sentencing court to reject related facts when determining the proper guidelines sentence for another charge. In *Watts*, the Supreme Court held that "it is impossible to know exactly why a jury found a defendant not guilty on a certain charge," so for sentencing purposes for another charge, a "jury cannot be said to have 'necessarily rejected' any [related] facts when it returns a general verdict of not guilty." 117 S.Ct. at 637.

■ The evidence necessary to prove conspiracy is clearly distinct from that needed to sustain a conviction for the underlying substantive offense. *United States v. James*, 109 F.3d 597, 600 (9th Cir.1997) (stating that substantive crime and conspiracy to commit crime are separate offenses which require proof of elements different from other); *see Ross*, 131 F.3d at 989 (same). The Court has held that to establish a § 846 conspiracy violation, the government need not prove the commission of any overt acts in furtherance of the conspiracy, but must only show an agreement to accomplish an illegal purpose to render someone liable. *See United States v. Shabani*, 513 U.S. 10, 14–16, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). On the other hand, to sustain a conviction for the substantive distribution charges against Jackson, the government had to prove not only that the defendant agreed to participate in the conspiracy, but also (i) that the drug was actually distributed; (ii) that the person who distributed the drug was a member of and acted in furtherance of the conspiracy; and (iii) that the distribution could reasonably be foreseen as a necessary or natural consequence of the conspiracy. Ninth Circuit Model Jury Instructions No. 8.05E [Conspiracy–Pinkerton Charge] (reciting elements necessary for conviction).

Thus, it is possible that the jury chose to acquit Jackson of the distribution charges because the government failed to prove one of the additional elements necessary to establish the distribution charge. If that were the case, then it would not have been illogical for the sentencing court to find Jackson guilty of conspiring to distribute Dilaudid, even though the jury had acquitted her of the underlying substantive offenses.

■ In Jackson's case, the evidence proved to the sentencing judge beyond a reasonable doubt that the defendant knowingly participated in a conspiracy to distribute Dilaudid (even though the jury chose to acquit Jackson of the distribution charges). The court would have applied a more stringent sentence based on the distribution object if it had not erroneously failed to consider U.S.S.G. § 1B1.2(d). The court stated in

a colloquy that it believed that the evidence (e.g., testimony describing the conspiracy to acquire and distribute, and the sheer quantity of Dilaudid Jackson acquired (approximately 470,800 tablets)) was sufficient to convict Jackson of the conspiracy to distribute Dilaudid. *See* Presentence Report ¶¶ 75–76. This finding is not clearly in error, for a rational trier could conclude that the defendant conspired to distribute the drug rather than keep the drug solely for personal use. *See United States v. Hubbard,* 96 F.3d 1223, 1226 (9th Cir.1996) (holding that government needs to demonstrate only "a slight connection between the defendant and the conspiracy ... to convict the defendant of knowing participation" in the conspiracy).

█ But even if we held that Jackson's acquittal of the substantive distribution offenses precluded the sentencing court from considering them in the conspiracy charge, the court still could have found Jackson guilty of conspiring to distribute the large quantity of Dilaudid for which she was not charged. The government had charged Jackson of distributing, under the fifteen distribution counts, only 1,500 of the estimated 470,800 tablets.[8] Thus, the sentencing court could have relied on the remaining tablets unaccounted for to find Jackson guilty of conspiracy to distribute.[9]

For the foregoing reasons, we conclude that U.S.S.G. § 1B1.2(d) is constitutional, and that the trial court's failure to apply the guideline was a reversible error. We vacate Jackson's sentence and remand the case for resentencing.[10]

---

8. To support further its argument that the conspiracy charge was far broader in scope than the underlying distribution charges, the government points out that the conspiracy charge implicated Jackson, Lewis, Marilyn Brown, and others known and not known to the jury, including an unindicted male co-conspirator (Dr. James), while the only parties implicated in the substantive charges were Jackson, Lewis, and Brown.

9. Jackson was also acquitted of possession with the intent to distribute Dilaudid. That charge covered only 98 tablets, so even if the court excluded those drugs, approximately 469,200

tablets would remain available for the conspiracy charge. That amount would still be sufficient to meet the requirements for the same base offense level (38). *See* Presentence Report ¶¶ 75–79.

10. Upon resentencing, the sentencing court is limited to thirty-one 8–year maximum sentences for the conspiracy conviction. *See* U.S.S.G. § 5G1.2 (permitting sentencing court to impose additional consecutive maximum statutory sentences on each of Jackson's other thirty substantive § 843 convictions); *see also United States v. Moreno–Hernandez,* 48 F.3d 1112, 1117–18 (9th Cir.1995).