**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Oray Papa FIFER, Defendant— Appellant.**

No. 00–30603.

D.C. No. CR–99–00014–MRG.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Decided Dec. 19, 2001.

Before B. FLETCHER, McKEOWN, and RICHARD C. TALLMAN, Circuit Judges.

MEMORANDUM [*]

Appellant Oray Papa Fifer ("Fifer") appeals from his conviction on counts of con-

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

spiring to distribute various narcotics ("Count I"), in violation of 21 U.S.C. § 846; distributing cocaine ("Count II") and possessing heroin with intent to distribute ("Count IV"), both in violation of 21 U.S.C. § 841(a)(1); and carrying a firearm in relation to a conspiracy ("Count IX"), in violation of 18 U.S.C. § 924(c). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Fifer initially argues that the government proffered insufficient evidence to support his conviction on Counts I, IV, and IX. In reviewing the record, we view the evidence "in the light most favorable" to the government to determine "whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Carpenter*, 95 F.3d 773, 775 (9th Cir.1996) (internal quotation marks omitted).

■ With regard to Fifer's conviction on Count I, numerous co-conspirators testified that Fifer employed young women to transport narcotics into Montana. Other conspirators (and Fifer himself) would then distribute the drugs to customers. Subsequent to Fifer's arrest, the police discovered piles of rubber-banded cash stowed in the spare tire well of his vehicle, a practice consistent with the testimony of numerous witnesses that Fifer customarily transported proceeds from narcotics sales. To the extent that Fifer argues, based on the testimony of certain witnesses, that a conspiracy did not exist, we note that it is exclusively within the jury's province to make credibility determinations and weigh the evidence as it sees fit. Consequently, a reasonable jury could have found that Fifer and his numerous co-conspirators

reached a general agreement to distribute narcotics in Montana.[1]

■ The record also supports Fifer's conviction on Count IV. Although Duane Williams also had access to the safe, the jury, weighing the evidence and making credibility determinations, reasonably found that Fifer had possession of the heroin located there because there was a " 'sufficient connection between [Fifer] and the contraband to support the inference that [Fifer] exercised dominion and control over the substance.' " *United States v. Barajas–Montiel*, 185 F.3d 947, 955 (9th Cir.1999) (quoting *United States v. Disla*, 805 F.2d 1340, 1350 (9th Cir.1986)), *cert. denied*, 531 U.S. 849, 121 S.Ct. 123, 148 L.Ed.2d 77 (2000).

■ Similarly, the record supports Fifer's conviction on Count IX. To prove a violation of 18 U.S.C. § 924(c) for carrying a firearm in relation to a narcotics conspiracy, the government must demonstrate that the defendant "transported [a] firearm on or about his or her person," and that the weapon was "immediately available for use." *United States v. Lopez*, 100 F.3d 98, 101 (9th Cir.1996) (internal quotations omitted). Various witnesses testified that Fifer carried a nine-millimeter, semi-automatic pistol while transacting business with his narcotics purchasers. That testimony alone, if believed, was sufficient evidence to satisfy the standard we previously established for proving a violation of § 924(c).

■ Next, Fifer argues that Count I was duplicitous because it charged dealing in several different narcotics as objects of the same conspiracy. This argument,

---

1. Fifer's related argument that the conviction under Count I was defective because none of the other indicted co-conspirators was tried and convicted on Count I is without merit; the law does not require the conviction of

more than one person to establish a conspiracy. *See United States v. Hughes Aircraft Co., Inc.*, 20 F.3d 974, 977–78 (9th Cir.1994) (per curiam).

however, is squarely foreclosed by circuit precedent. *See United States v. Begay*, 42 F.3d 486, 501 (9th Cir.1994) ("An indictment charging conspiracy to commit more than one offense is not duplicitous."). Fifer's related contention that there was an impermissible variance between the indictment (which alleged a unitary conspiracy) and the government's case-in-chief (which, Fifer claims, demonstrated the existence of multiple conspiracies) is foreclosed by the trial record—namely, the testimony of several co-conspirators who stated that they were under Fifer's directive.

Fifer also argues that his conviction must be reversed pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This argument fails, however, because the district court sentenced Fifer under 21 U.S.C. § 841(b)(1)(C) to 20 years on each of Counts I and II, the maximum term of imprisonment he could receive for those offenses. Consequently, because Fifer was not sentenced above the statutory maximum, both the indictment and the jury's verdict were legally sufficient. *See United States v. Garcia–Guizar*, 227 F.3d 1125, 1129–30 (9th Cir.2000) (as amended), *cert. denied*, 532 U.S. 984, 121 S.Ct. 1629, 149 L.Ed.2d 490 (2001).[2]

█ Finally, Fifer argues that the jury was required to return a special verdict as to the objects of the conspiracy charged in Count I because of the possibility that he would receive a far shorter sentence on that count (5 years as opposed to 20) if the jury were to find that he had only conspired to distribute marijuana. Although we acknowledge a special verdict form should have been submitted to the jury under those circumstances, the failure to do so here constituted a harmless error that did not violate Fifer's substantial

rights. Even if Fifer were to have been sentenced to 5 years on Count I, that sentence would have been served concurrently with a 20–year sentence on Count II, followed by a 5–year sentence on Count IV; thus, the overall length of his sentence (25 years) would not have been different even if the correct procedure had been followed. *See United States v. Jackson*, 167 F.3d 1280, 1284 & n. 6 (9th Cir.1999) (following the Supreme Court's decision in *Edwards v. United States*, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998), which held that a defendant's sentence for a multi-object conspiracy must not exceed the statutory maximum of the lesser object offense).

AFFIRMED.

---

**2.** Fifer's related argument concerning various sentencing enhancements imposed by the district court similarly fails because those en-

hancements did not increase the sentence beyond the statutory maximum. *See, e.g., Garcia–Guizar*, 227 F.3d at 1129–30.