**Jesus QUEZADA–DAZA, Petitioner—Appellant,**

v.

**UNITED STATES of America, Respondent—Appellee.**

**No. 04–35221.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2006.

Filed Jan. 23, 2006.

Jesus Quezada–Daza, Taft, CA, pro se.

James K. Ball, Manweiler Manweiler Breen & Ball, PLLC, Kim R. Lindquist, Esq., USBO—Office of the U.S. Attorney, Boise, ID, for Respondent–Appellee.

Before: KLEINFELD, GRABER, and BEA, Circuit Judges.

**288**

MEMORANDUM *

Defendant Jesus Quezada–Daza appeals from the district court's judgment denying his motion for relief under 28 U.S.C. § 2255. On de novo review, *United States v. Wells,* 394 F.3d 725, 732–33 (9th Cir. 2005), we affirm.

Defendant first argues that his trial counsel was ineffective for failing to request a special verdict form, the procedure described in *United States v. Garcia,* 37 F.3d 1359 (9th Cir.1994), *limited on other grounds in United States v. Jackson,* 167 F.3d 1280 (9th Cir.1999), when a conspiracy has two objects. Defendant was charged with conspiring to distribute both marijuana and methamphetamine.

In addition, Defendant argues that his appellate counsel was ineffective for failing to file a petition for rehearing with this court after the Supreme Court decided *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Defendant's sentence rested on a judicial finding of drug quantities.

In both respects, we assume, without deciding, that Defendant's counsel performed outside the range of professional competence, satisfying the first prong of *Strickland v. Washington,* 466 U.S. 668, 687–90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). But Defendant cannot meet the required second prong of the *Strickland* test, *id.;* there is no reasonable probability that, but for counsel's below-par performance, the result would have been different.

The evidence in the record established beyond any doubt that the conspiracy involved *both* marijuana *and* methamphetamine. There was no evidence from which a reasonable juror could have found only the former. For example, the vehicle intercepted in July 1998 contained both

drugs. Similarly, the record shows the exact weight of each type of drug found. *See United States v. Banuelos,* 322 F.3d 700, 705–06 (9th Cir.2003) (reviewing *Apprendi* violation for harmless error). In the circumstances, counsel's conduct did not prejudice Defendant.

We decline to address the contentions that are not encompassed in the certificate of appealability.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.