**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robb T. BENNS, Defendant–Appellant.**

**No. 06–50133.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2007.*

Filed Oct. 1, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Becky S. Walker, Esq., Sandy Nunes Leal, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Elizabeth A. Newman, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, Defendant–Appellant.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Robb T. Benns appeals from the sentence imposed following his guilty-plea conviction for counterfeit securities, device fraud, bank fraud, and aiding and abetting, all in violation of 18 U.S.C. §§ 513(a), 1029(a)(2), 1344, and 2.

█ First, Benns challenges the district court's failure to resolve his written objection to an alleged factual error in the presentence report ("PSR") regarding seven of the aliases listed therein. *See* Fed. R. Crim. P. 32(i)(3)(B). Even if the district

court erred under Rule 32(i)(3)(B) however, we reject the challenge because the disputed information did not affect the court's sentence.

Second, Benns contends that the district court erred by including specifics about the drug testing supervised release condition in the written judgment that it did not pronounce at the sentencing hearing. We disagree. *See United States v. Garcia*, 37 F.3d 1359, 1368 (9th Cir.1994) (stating that a written judgment that simply clarifies an oral pronouncement is permissible), *overruled in part on other grounds by United States v. Jackson*, 167 F.3d 1280 (9th Cir. 1999).

█ Third, with regard to the supervised release condition in the written judgment requiring Benns to abstain from alcohol, because the district court did not pronounce this condition at the sentencing hearing, it was error to include it in the written judgment. *See United States v. Allen*, 157 F.3d 661, 668 (9th Cir.1998) ("In cases where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment and commitment, this [c]ourt has uniformly held that the oral pronouncement, as correctly reported, must control.").

Finally, as the government concedes, the district court's restitution order requiring Benns to "pay 1/4 of his monthly earnings toward restitution," is impermissibly vague. *See United States v. Guagliardo*, 278 F.3d 868, 872 (9th Cir.2002) (remanding for clarification of vague language of a supervised release term).

We therefore remand in order for the district court (1) to conform the written judgment to the oral pronouncement with

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

respect to the supervised release condition regarding the use of alcohol; and (2) to clarify its restitution payment order.

**AFFIRMED in part; REMANDED in part.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.