NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 5 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MIGUEL RAMIREZ GONZALEZ, AKA
Hector Lopez, AKA Hector Lopez-Cosada,

Defendant-Appellant.

No.    18-50175

D.C. No. 3:18-cr-01796-LAB

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted August 16, 2019
Pasadena, California

Before:  CALLAHAN and CHRISTEN, Circuit Judges, and CHEN,** District
Judge.

Miguel Ramirez Gonzalez appeals his conviction and sentence for being a

removed alien found in the United States, in violation of 8 U.S.C. § 1326, and

improper entry by an alien, in violation of 8 U.S.C. § 1325.  We have jurisdiction

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Edward M. Chen, United States District Judge for the
Northern District of California, sitting by designation.

under 28 U.S.C. § 1291. We affirm.

Ramirez first contends that the district court erred by orally instructing the jury that the official restraint doctrine required government agents to continuously observe Ramirez, with no breaks occurring in that observation. He argues this is inconsistent with our case law recognizing that minor gaps in observation, amounting to mere seconds, do not render an alien free from official restraint. *See, e.g.*, *United States v. Vasquez-Hernandez*, 849 F.3d 1219, 1228 (9th Cir. 2017).

We review de novo whether a jury instruction misstates elements of a crime. *See United States v. Knapp*, 120 F.3d 928, 930 (9th Cir. 1997). Assuming without deciding that the district court's oral instruction was erroneous, we conclude that any error was harmless beyond a reasonable doubt. *See United States v. Castillo-Mendez*, 868 F.3d 830, 839 (9th Cir. 2017). The district court's written instructions provided to the jury properly stated the official restraint doctrine element. *See United States v. Walter-Eze*, 869 F.3d 891, 911-12 (9th Cir. 2017). In response to a question from the jury during deliberation, the judge referred the jury to the same written instruction. Moreover, the jury was not presented with the issue of whether there was a minor gap (as opposed to no break) in the agent's observation of Ramirez. At trial, the government argued that the thermal scope operator had lost sight of Ramirez and that Agent Stallings had located Ramirez on his own. By contrast, Ramirez argued that the scope operator never "took [his]

gaze" off Ramirez. In his closing, Ramirez did not argue there was only a minor gap in the agent's observation of him. Consequently, neither the evidence at trial nor the parties' theories of the case raised to the jury the possibility that there had been only "minor gaps" in the government's surveillance of Ramirez.

Ramirez next argues that the written judgment conflicts with the oral pronouncement of sentence. We disagree. Contrary to Ramirez's contention, the record reveals the oral pronouncement of sentence to be ambiguous on whether the district court intended to impose a one-year term of supervised release on Ramirez's § 1325 conviction. "[T]he written sentence will control where there are ambiguities in the oral pronouncement of the sentence, and the writing resolves the ambiguity." *United States v. Garcia*, 37 F.3d 1359, 1368 (9th Cir. 1994), *abrogated on other grounds by United States v. Jackson*, 167 F.3d 1280 (9th Cir. 1999).

**AFFIRMED.**