**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4679**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMAA I. JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, Chief District Judge.  (2:13-cr-00091-7)

Submitted:  May 18, 2020                              Decided:  July 14, 2020

Before MOTZ, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Susan M. Robinson. THOMAS COMBS & SPANN, PLLC, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, Kristin F. Scott, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Jamaa Johnson of conspiracy to commit Hobbs Act robbery, firearms conspiracy, and witness tampering. The district court sentenced Johnson to 235 months' imprisonment and three years of supervised release. Johnson appeals, contending that the district court improperly instructed the jury, abused its discretion in denying his motions for a mistrial, and committed a panoply of errors at sentencing. For the reasons that follow, we affirm.

I.

This case arises from a conspiracy to commit a series of robberies in Virginia and West Virginia. The Government alleged that Johnson was a member of this conspiracy and that he participated in the robberies of Leair Lipscomb (the "Lipscomb robbery") and Cabell Franklin (the "Franklin robbery"). In its Fifth Superseding Indictment, the Government charged Johnson with two counts of Hobbs Act robbery and one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, two counts of use of firearms in a crime of violence and one count of conspiracy to use firearms in a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), (o), one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of witness tampering, in violation of 18 U.S.C. § 1512(b)(1).

At trial, three of Johnson's alleged co-conspirators — Robert Barcliff, Keith Glenn, and Brandon Davis — testified against Johnson, as did victim Cabell Franklin and Johnson's former girlfriend, Megan Smith. Barcliff testified that he and a group of friends

from Wytheville, Virginia, including Johnson, devised a plan to rob drug dealers. Johnson suggested robbing Lipscomb, a drug dealer who was known to possess pills, cocaine, and marijuana. Barcliff testified that he, Johnson, and Glenn drove to Lipscomb's home to commit the robbery. Barcliff and Glenn entered the home, restrained Lipscomb at gunpoint, and took marijuana, cash, and apparel. According to Barcliff, Johnson "drove the car and . . . helped us load the items." Both Barcliff and Glenn testified that Barcliff carried a firearm and showed it to Johnson in the car.

Barcliff and Davis also implicated Johnson in the Franklin robbery. Barcliff testified that Johnson agreed to drive the group to Franklin's home; once there, Johnson was to help secure Franklin by holding him at gunpoint. But the robbery did not go according to plan. When Franklin answered the door, Davis began to wrestle him and struck him in the head with a firearm; Barcliff also stabbed him with a knife. Johnson and Barcliff proceeded to the basement, where they found Franklin's father. Johnson held Franklin's father at gunpoint and ordered him not to move. Barcliff then rejoined Davis upstairs and the two decided to leave the home. Shortly thereafter, according to Barcliff and Davis, Johnson ran out of the home saying, "I shot him." Franklin had been shot in the left leg, although he testified that he could not identify his assailant, who was wearing a bandana. Smith, Johnson's girlfriend at the time of the robbery, testified that Johnson admitted to shooting Franklin so that he could escape from the home.

At the conclusion of the evidence, the district court explained to the jury that a "crime of violence," for purposes of § 924(c), is a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of

3

another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The district court also instructed the jury that Hobbs Act conspiracy constitutes a crime of violence.

After two days of deliberations, the jury told the court that it had reached a unanimous verdict. The jury found Johnson guilty of Hobbs Act conspiracy, firearms conspiracy, and witness tampering. The jury acquitted Johnson of being a felon in possession of a firearm and two counts of Hobbs Act robbery. But with respect to the two counts of use of a firearm in a crime of violence (in connection with the Lipscomb and Franklin robberies), the district court determined that the jury's verdict form was incomplete. The Government had alleged that Johnson violated § 924(c) on two theories — first, that Johnson was liable for his co-conspirators' use of firearms under *Pinkerton v. United States*, 328 U.S. 640 (1946); second, that Johnson had himself used a firearm. The jury had found Johnson guilty on the first theory but had failed to answer whether Johnson was guilty on the second.[1]

Johnson moved for a mistrial. The district court denied the motion and directed the jury to continue deliberating with respect to the unanswered questions. Later that day, the jury submitted a note to the court asking whether it could change its verdict as to the § 924(c) counts. The district court responded that the jury could do so. Johnson again moved for a mistrial, which the district court denied. Shortly thereafter, the jury submitted

---

[1] The jury also failed to answer certain questions related to the counts against Johnson's co-defendant that are not relevant to this appeal.

its final verdict, this time acquitting Johnson of the § 924(c) counts on both of the Government's theories.

Although the jury convicted Johnson of Hobbs Act conspiracy and firearms conspiracy, the verdict form did not specify which offenses Johnson had conspired to commit (the "object offenses"). For purposes of sentencing, the district court found that Johnson had conspired to commit the Lipscomb and Franklin robberies. The court calculated an offense level of 35 and a criminal history category of IV and imposed, among other adjustments, a seven-level enhancement for discharge of a firearm during the Franklin robbery, U.S.S.G. § 2B3.1(b)(2)(A), and a four-level enhancement for serious bodily injury to Franklin, § 2B3.1(b)(3)(B). The court sentenced Johnson to 235 months' imprisonment — the bottom of the Guidelines range. The court also sentenced Johnson to three years of supervised release and imposed a $300 special assessment.

Johnson timely appealed.


II.

Johnson first contends that the district court erred in instructing the jury that the term "crime of violence," for purposes of § 924(c), includes felonies that involve "a substantial risk that physical force . . . may be used in the course of committing the offense." JA 437 (quoting § 924(c)(3)(B) (the "residual clause")). Johnson also contends that the court erred in instructing the jury that Hobbs Act conspiracy constitutes a crime of violence. Therefore, Johnson claims, his conviction for firearms conspiracy — that is, conspiracy to violate § 924(c) — is invalid.

5

Because Johnson did not object to these jury instructions, we review them for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731 (1993). To obtain reversal on plain error review, a defendant must show that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ramirez-Castillo*, 748 F.3d 205, 212 (4th Cir. 2014).

Johnson has met his burden to show that the district court committed an "error" that is "plain." An error is plain if, "at the time of appellate consideration, the settled law of the Supreme Court or this circuit establishes that an error has occurred." *United States v. Walker*, 934 F.3d 375, 378 (4th Cir. 2019) (quotation marks omitted). In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court struck down the residual clause as unconstitutionally vague. *Id.* at 2336. And in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc), we held that conspiracy to commit Hobbs Act robbery does not constitute a crime of violence. *Id.* at 233.

Johnson has not, however, established that this error "affects [his] substantial rights," *Ramirez-Castillo*, 748 F.3d at 212, because the jury could have based the firearms conspiracy conviction on Hobbs Act robbery, a valid § 924(c) predicate. *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). This is fatal to Johnson's claim, for a defendant challenging a jury instruction on plain error review "must demonstrate that the erroneous instruction . . . resulted in his conviction, not merely that it was impossible to tell under which theory the jury convicted." *United States v. Hare*, 820 F.3d 93, 105 (4th Cir. 2016) (alterations omitted). Put another way, it is not enough for Johnson to show that

6

his firearms conspiracy conviction could have been based on an invalid predicate, such as Hobbs Act conspiracy. Rather, on plain error review, it is his burden to show that his conviction was *not* based on a *valid* predicate, such as Hobbs Act robbery.

Johnson attempts to make this showing, asserting that his firearms conspiracy conviction could not have been based on Hobbs Act robbery because he was *acquitted* of the substantive offense of Hobbs Act robbery. This argument fails. Firearms conspiracy "requires proof of agreement," not "proof the substantive crime was actually committed." *See United States v. Robinson*, 627 F.3d 941, 958 (4th Cir. 2010). *See generally United States v. Mills*, 995 F.2d 480, 484 (4th Cir. 1993) (noting that "the focus of a conspiracy charge is the agreement to violate the law"). In light of Barcliff and Davis's testimony regarding Johnson's agreement to participate in the Franklin robbery, the jury could have found that Johnson had conspired to use a firearm in connection with a Hobbs Act robbery, despite the fact that it acquitted Johnson of the substantive offense.[2]

---

[2] Johnson also argues that the jury could not have based the firearms conspiracy conviction on Hobbs Act robbery because the jury acquitted him of the § 924(c) counts associated with the Lipscomb and Franklin robberies. Johnson has waived this argument by failing to raise it in his opening brief. *See United States v. Palacios*, 677 F.3d 234, 244 n.5 (4th Cir. 2012). Regardless, the argument is meritless. Firearms conspiracy requires proof of an *agreement* to violate § 924(c), not proof that a substantive violation of § 924(c) occurred.

III.

Johnson claims that the district court erred in denying his motions for a mistrial after the jury returned its first verdict. We review for abuse of discretion. *See United States v. Wallace*, 515 F.3d 327, 330 (4th Cir. 2008).

Once it became clear that the jury had failed to answer certain questions on the verdict form, the district court directed the jury to continue its deliberations with respect to the unanswered questions. Johnson argues that had the jury been permitted to continue deliberations on the indictment *as a whole* — as opposed to only on the unanswered questions — it might have realized that conviction on the conspiracy counts was inconsistent with acquittal on the Hobbs Act robbery and § 924(c) counts. In light of this inconsistency, Johnson posits, the jury might have acquitted Johnson of the conspiracy counts. *Cf. United States v. Moore*, 763 F.3d 900, 913 (7th Cir. 2014).

This argument is unavailing, for there is no inconsistency in the jury's verdict. As explained above, a defendant may be convicted of Hobbs Act conspiracy without having committed the substantive offense of Hobbs Act robbery. *See Simms*, 914 F.3d at 233–34. Similarly, a defendant may be convicted of firearms conspiracy even if the defendant did not violate § 924(c). *See Robinson*, 627 F.3d at 958.

IV.

Next, Johnson claims that his sentence was procedurally and substantively unreasonable. We review a defendant's sentence "under a deferential abuse-of-discretion standard." *United States v. Brewer*, 520 F.3d 367, 372 (4th Cir. 2008). We first determine

whether the district court committed any procedural error; we then consider whether the sentence is substantively reasonable. *Id.* "In considering whether a sentence is unreasonable, we will review the district court's legal conclusions *de novo* and its factual findings for clear error." *United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006).

## A.

First, Johnson contends that the district court erred in determining the base offense level for his Hobbs Act conspiracy conviction. The base offense level for Hobbs Act conspiracy is "[t]he base offense level from the guideline for the substantive offense" — that is, Hobbs Act robbery — "plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." U.S.S.G. § 2X1.1(a) (2016). Section 1B1.2(d) of the Guidelines provides that a conviction for a multi-object conspiracy "shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit." U.S.S.G. § 1B1.2(d). The application notes further provide that in applying § 1B1.2(d), a district court may determine the object offenses if such offenses are not specified in the verdict or plea. U.S.S.G. § 1B1.2(d) cmt. n.4.

Because the object offenses were not specified in the jury's verdict, the district court found, by proof beyond a reasonable doubt, that Johnson had conspired to commit the Lipscomb and Franklin robberies and calculated the Guidelines range accordingly. In so doing, Johnson asserts, the district court "gave no credit to the jury acquittals," and punished him as if he had been convicted on all counts, thereby violating his Sixth

9

Amendment right to a jury trial and Fifth Amendment right to due process. Opening Br. at 35.

This argument elides the same key distinction discussed above: the jury acquitted Johnson of the *substantive* Hobbs Act robbery, § 924(c), and § 922(g) counts, but not of the conspiracy counts. Therefore, the district court's finding that Johnson had *conspired* to commit the Lipscomb and Franklin robberies — and its calculation of the Guidelines range in accordance with that finding — is not inconsistent with the jury's acquittals on the substantive counts. *See Simms*, 914 F.3d at 233–34 (explaining that Hobbs Act conspiracy does not require the commission of Hobbs Act robbery); *United States v. Jackson*, 167 F.3d 1280, 1285 (9th Cir. 1999).[3]

## B.

Johnson next argues that the district court erred in imposing sentencing enhancements for discharge of a firearm, U.S.S.G. § 2B3.1(b)(2)(A), and serious bodily injury, § 2B3.1(b)(3)(B), both in connection with the Franklin robbery. Johnson claims that these enhancements are based on acquitted conduct, noting that the jury acquitted him of the § 924(c) and § 922(g) counts. According to Johnson, when a district court bases a sentencing enhancement on acquitted conduct, and when such an enhancement dramatically increases the defendant's offense level, the court must employ a clear and

---

[3] To be sure, the offense level for a conspiracy offense is *based on* the associated substantive offenses. *See* U.S.S.G. § 2B1.1(d), 2X1.1(a). But that does not mean that Johnson was punished for Hobbs Act robbery; it means only that the district court looked to those substantive offenses in determining the proper offense level for Hobbs Act conspiracy.

convincing evidence standard in finding the facts upon which the enhancement is based; the district court's application of a preponderance standard was therefore error.

Because Johnson failed to raise this argument before the district court, we review for plain error. *See Olano*, 507 U.S. at 731. Even assuming that the district court based the enhancements on acquitted conduct and that its use of a preponderance standard was error, Johnson has not met his burden to demonstrate that this asserted error was plain. *See Walker*, 934 F.3d at 378 (stating that an error is plain if, "at the time of appellate consideration, the settled law of the Supreme Court or this circuit establishes that an error has occurred" (quotation marks omitted)). In *United States v. Watts*, 519 U.S. 148 (1997), the Supreme Court acknowledged, but did not resolve, "a divergence of opinion among the Circuits as to whether, in extreme circumstances, relevant conduct that would dramatically increase the sentence must be based on clear and convincing evidence." *Id.* at 156–57. We too have expressly declined to resolve this question. *See United States v. Perry*, 560 F.3d 246, 259 (4th Cir. 2009). Consequently, we can hardly conclude that the asserted error was plain.

C.

Johnson contends that his sentence is procedurally unreasonable because the district court failed to explain adequately its object offenses finding. In making a factual finding at sentencing, a district court must provide "a sufficient explanation of its rationale . . . that would enable us to review such finding under the clearly erroneous standard." *United States v. Wilkinson*, 590 F.3d 259, 269 (4th Cir. 2010).

11

In a written order, the district court found that Johnson had conspired to commit the Lipscomb and Franklin robberies, noting its familiarity "with the facts of this case, including those related to the conspiracy charged in Count One, as evidenced by the Court's memorandum opinion issued on June 9, 2017." The memorandum opinion referred to in the court's order recounts in detail the sufficiency of the trial evidence related to the conspiracy to commit the Lipscomb and Franklin robberies, including evidence of Johnson's express agreement to participate in those particular robberies. The district court's explanation of its rationale is sufficiently detailed to enable our review.

D.

Finally, Johnson contends that his sentence is substantively unreasonable because it is "highly disproportionate to that of others convicted in the scheme." Opening Br. at 42. A sentencing court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In assessing the reasonableness of Johnson's sentence, we are mindful that because the sentence is within the Guidelines range, it is deemed presumptively reasonable. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

The district court concluded that there was no unwarranted disparity between Johnson's sentence and the sentences of his co-conspirators. The court noted that the length of Johnson's sentence was partly attributable to the imposition of the § 2B3.1(b)(2)(A) enhancement for discharge of a firearm. The court also cited Johnson's criminal history and the fact that some of Johnson's co-conspirators had received

12

reductions for acceptance of responsibility. In light of these considerations, we cannot conclude that Johnson's sentence is substantively unreasonable.

We have considered Johnson's remaining contentions and conclude that they are without merit.

## V.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED.*