**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    20-50163 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-01287-LAB-1 |
| v. | |
| JORGE GOMEZ-GOMEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted March 16, 2021[**]

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Jorge Gomez-Gomez appeals from the district court's judgment and

challenges the 99-month sentence and one condition of supervised release imposed

upon remand following his jury-trial conviction for attempted reentry of a removed

alien, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Gomez-Gomez first contends that the district court erred procedurally by insufficiently explaining the sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court considered and rejected Gomez-Gomez's arguments for a shorter sentence, including the circumstances of the ongoing COVID-19 pandemic. And it explained in detail how Gomez-Gomez's immigration and criminal history justified the above-Guidelines sentence.

Gomez-Gomez also contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

Finally, Gomez-Gomez contends that the district court's imposition in the written judgment of the standard supervised release condition that Gomez-Gomez not commit any federal, state, or local crime conflicts with its oral pronouncement of the condition. We disagree. Read in context, the court's oral pronouncement was a shorthand description of the condition contained in the written judgment. To the extent the district court's oral pronouncement was ambiguous, the later written judgment clarified the ambiguity. *See United States v. Garcia*, 37 F.3d 1359, 1368

2                                                                                          20-50163

(9th Cir. 1994), *abrogated on other grounds by United States v. Jackson*, 167 F.3d 1280 (9th Cir. 1999).

**AFFIRMED.**