**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30211 |
| Plaintiff-Appellee, | D.C. Nos. 5:09-cr-00001-TMB-MMS-1 5:09-cr-00001-TMB-MMS |
| v. | |
| KARL LEROY COX, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted February 10, 2022**
Seattle, Washington

Before: BYBEE, BEA, and CHRISTEN, Circuit Judges.

Karl Cox pleaded guilty to distributing child pornography, in violation of 18

U.S.C. §§ 2252(a)(2) and (b)(1). He appeals three of his special conditions of

supervised release that the district court imposed following multiple violations of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

supervised release.  We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28

U.S.C. § 1291, and we affirm in part, vacate in part, and remand.  Because the

parties are familiar with the facts, we recite only those necessary to decide the

appeal.

1.  As written, Special Condition 3, which bars Cox from possessing any

Internet-capable devices, is unconstitutionally overbroad.  As an initial matter, Cox

contends that Special Condition 3 as written in the final judgment conflicts with

the district court's oral pronouncement at sentencing.  "Where the oral

pronouncement of a defendant's sentence is unambiguous, but differs from the

written sentence, the oral sentence controls."  *United States v. Garcia*, 37 F.3d

1359, 1368 (9th Cir. 1994), *abrogated on other grounds by United States v.*

*Jackson*, 167 F.3d 1280 (9th Cir. 1999).  But "where there are ambiguities in the

oral pronouncement of the sentence, and the writing resolves the ambiguity," the

written sentence controls.  *Id.*  Read in context, the district court's oral

pronouncement was ambiguous because the record could suggest that the "safety

valve" (*i.e.*, the language that says "unless approved in advance by U.S.

Probation") applies to Special Condition 3, but the record could also suggest that

the "safety valve" applies only to Special Condition 4, which limits Cox's ability

to live with others who possess Internet-capable devices.  The written judgment

2

clarifies that Special Condition 4 contains the "safety valve" but Special Condition 3 does not. Thus, Special Condition 3 in the written judgment controls.

Cox contends that, if Special Condition 3 in the written judgment controls, it is unconstitutionally overbroad. We agree. We have held that supervised release conditions completely prohibiting defendants convicted of child pornography charges from accessing the Internet are unconstitutionally overbroad because such conditions restrict the use of devices "in situations that bear no relation to protecting the public from child pornography or exploitation, promoting rehabilitation, or preventing recidivism." *United States v. Riley*, 576 F.3d 1046, 1049 (9th Cir. 2009). The government does not argue to the contrary. *Cf. United States v. Blinkinsop*, 606 F.3d 1110, 1123 (9th Cir. 2010) ("As the government concedes, banning [the defendant's] Internet usage contravenes [*Riley*]."). Thus, we vacate Special Condition 3 for the district court to reconsider on limited remand and to revise the condition to conform to our precedent. *See, e.g.*, *United States v. Rearden*, 349 F.3d 608, 620 (9th Cir. 2003) (approving a condition that prohibited the defendant's "possession or use of a computer with access to any online service at any location without prior approval of the probation officer").

2. Special Condition 6, which prevents Cox from being near places designated primarily for minors, is neither unconstitutionally vague nor

unconstitutionally overbroad. We have consistently affirmed conditions similar to Special Condition 6, because they are "a standard prohibition in child-pornography cases." *Id.* at 1121; *see, e.g.*, *United States v. Gibson*, 998 F.3d 415, 419–21 (9th Cir. 2021) (approving condition that defendant "must not go to, or remain at, any place primarily used by children under the age of 18, including parks, schools, playgrounds and childcare facilities").

3. Special Condition 8, which prohibits Cox from possessing material showing sexually explicit conduct deemed inappropriate by his treatment provider or patronizing places where such material is available, is remanded for clarification. Special Condition 8 does not explicitly incorporate 18 U.S.C. § 2256, as the government argues. If it had, § 2256(2) includes subsection (A), which defines "sexually explicit conduct," and subsection (B), which provides a different definition for the same term when used for purposes of subsection 8(B), child pornography. If the district court intended to define "sexually explicit conduct" by reference to § 2256(2), as the government argues, Special Condition 8 would run afoul of our decision in *United States v. Gnirke*, because it would prevent Cox from patronizing places where there may be depictions of adult sexually explicit conduct, "includ[ing] movie theaters, book stores, libraries, theaters, and large

retailers and grocery stores that sell magazines or R-rated movies." 775 F.3d 1155, 1161 (9th Cir. 2015).

**AFFIRMED IN PART, VACATED IN PART, REMANDED.**